UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BENICAR (OLMESARTAN)
PRODUCTS LIABILITY LITIGATION                                             MDL No. 2606

## TRANSFER ORDER

**Before the Panel**: Plaintiff in an action (*Johnson*) pending in the Northern District of Ohio moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of the fifteen actions listed on Schedule A.[1]

All responding plaintiffs support centralization, although there is some disagreement concerning the choice of an appropriate transferee district. Most plaintiffs support selection of the Northern District of Ohio, but other plaintiffs suggest the Northern District of Alabama, the Central District of California, the Northern District of California, the Southern District of Illinois, the Eastern District of Louisiana, the District of Minnesota, the District of New Jersey, or the Southern District of New York. Responding Daiichi and Forest defendants[2] oppose centralization. In the alternative, defendants support selection of the District of New Jersey as the transferee district.

This litigation involves allegations that taking Benicar or its sister drugs (Benicar HCT and Azor)[3] may cause serious gastrointestinal injury, including sprue-like enteropathy, lymphocytic colitis, microscopic colitis, and collagenous colitis.

In opposing centralization, defendants argue that each of the involved cases will turn on unique, plaintiff-specific issues, including, for example, the subject plaintiff's medical history and the treatment decisions made by that plaintiff's physician. This argument is not convincing. As we previously have observed, "[a]lmost all injury litigation involves questions of causation that are case- and plaintiff-specific. [Such] differences are not an impediment to centralization where common questions of fact predominate." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, — F. Supp. 3d —, 2014 WL 7004048, at *1 (J.P.M.L. Dec. 12, 2014).

---

[1] The Panel has been informed of 23 additional related federal actions. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Daiichi Sankyo, Inc., Daiichi Sankyo U.S. Holdings Inc., Forest Research Institute, Inc., Forest Pharmaceuticals, Inc., and Forest Laboratories, LLC.

[3] These drugs, all of which contain olmesartan medoxomil, are prescribed for treatment of high blood pressure.

-2-

Defendants also argue that informal coordination among the involved courts and counsel is preferable to creation of an MDL. But there are now more than 35 actions pending in 23 districts. Even without considering the possibility of additional actions, the present number of involved cases and districts is sufficient to warrant centralization, especially given the complexity of the issues involved and the likelihood of at least some foreign discovery.[4]

Finally, defendants contend that creation of an MDL will "create[] the potential to encourage the filing of new copycat cases without diligent efforts to ensure the viability of claims, in an attempt to gain leverage based on a large volume of cases." We have rejected essentially this same argument in the past,[5] and do so again here. We reiterate that if defense counsel has good grounds to believe that frivolous claims are being filed in this or any other MDL, it is incumbent upon them to raise that concern to the transferee judge, and to propose a process for identifying and disposing of those claims. *See In re: Cook Med. Inc., IVC Filters*, 2014 WL 5318059, at *2.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. As mentioned, these actions share factual issues arising from allegations that taking Benicar, Benicar HCT, or Azor may cause serious gastrointestinal injury. Issues concerning the development, manufacture, regulatory approval, labeling, and marketing of the drugs thus are common to all actions. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing the relevant factors, we select the District of New Jersey as transferee district for this litigation. The record shows that the Daiichi U.S. defendants, as well as the Forest defendants, are headquartered in that district, and thus many witnesses and relevant documents are likely to be found there. Centralization in the District of New Jersey also likely will facilitate coordination with approximately 40 actions alleging injuries from the use of Benicar, Benicar HCT, or Azor that have been consolidated in the Superior Court of New Jersey Law Division before Judge Nelson Johnson.[6] Last but not least, the Honorable Robert B. Kugler, to whom we assign this litigation, is an experienced jurist, and we have no doubt that he will steer this MDL on a prudent course.

---

[4] According to plaintiffs, Daiichi Sankyo, Ltd., researched and developed Benicar in Japan.

[5] *E.g., In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, — F. Supp. 3d —, 2014 WL 5318059, at *2 (J.P.M.L. Oct. 15, 2014).

[6] *See, e.g., In re: Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 935 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013) (centralizing litigation in the District of Massachusetts, in part because of related state court litigation pending there).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Robert B. Kugler for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: BENICAR (OLMESARTAN)
PRODUCTS LIABILITY LITIGATION                                MDL No. 2606

## SCHEDULE A

    Southern District of California

AMBLER, ET AL. v. DAIICHI SANKYO, INC., ET AL., C.A. No. 3:14-01475

    Central District of Illinois

DIRKSEN, ET AL. v. DAIICHI SANKYO, INC., ET AL., C.A. No. 3:14-03318

    Southern District of Iowa

SCHEFFLER, ET AL. v. DAIICHI SANKYO, INC., ET AL., C.A. No. 4:14-00450

    Eastern District of Louisiana

VON EBERSTEIN, ET AL. v. DAIICHI SEIYAKU COMPANY, LTD., ET AL.,
    C.A. No. 2:14-00089
BUJOL-BROWN v. DAIICHI SANKYO, INC., ET AL., C.A. No. 2:14-01762

    District of Montana

VAN DYKE, ET AL. v. DAIICHI SANKYO, INC., ET AL., C.A. No. 1:14-00137

    Northern District of Ohio

LANEY v. DAIICHI SANKYO, INC., ET AL., C.A. No. 1:14-02515
KUHN v. DAIICHI SANKYO, INC., ET AL., C.A. No. 1:14-02781
CHARLTON v. DAIICHI SANKYO, INC., ET AL., C.A. No. 1:14-02786
JOHNSON v. DAIICHI SANKYO, INC., ET AL., C.A. No. 3:14-02672
BAUGH v. DAIICHI SANKYO, INC., ET AL., C.A. No. 4:14-02309
HUGLEY v. DAIICHI SANKYO, INC., ET AL., C.A. No. 4:14-02787
BONNER v. DAIICHI SANKYO, INC., ET AL., C.A. No. 5:14-02671
CHANGET v. DAIICHI SANKYO, INC., ET AL., C.A. No. 5:14-02782
MCCLESKEY v. DAIICHI SANKYO, INC., ET AL., C.A. No. 5:14-02784